be urged that, because the defendant authorized the plaintiff to procure the goods from any manufacturer that it pleased to order from, the defendant thereby constituted the plaintiff its agent for the purchase of the goods. Either of these conclusions would be equally strained. As shown by the correspondence between the plaintiff and the Gleason Company, the plaintiff, in perfect good faith, purchased from the Gleason Company goods of a certain description, and the relation of vendor and vendee arose between the Gleason Company and the plaintiff, and not the relation of agent and principal.

A certain remark made by Judge Selden in Hoe v. Sanborn has in a number of cases been construed as establishing in the case of a seller of goods procured by him from the manufacturer the same extreme doctrine of liability as obtains in the case of a sale by the manufacturer himself. The language used by Judge Selden, at page 562 of 21 N. Y. (78 Am. Dec. 163), is: "Where the vendor has manufactured the article with his own hands, the inference of knowledge would plainly in many cases be strong enough to charge him even in an action for fraud. But if the manufacturing is done by agents, the general principles of law would hold the principal responsible for those whom he employs. Wherever the vendor, therefore, has himself manufactured the article sold, or procured it to be done by others, if honesty and fair dealing are ever to be enforced by law, a warranty should be implied." In a number of cases where Judge Selden's language has been quoted, only the latter part of it has been quoted, "Wherever the vendor, therefore, has himself," etc., "or procured it to be done," etc., the word "procured" has been seized upon as meaning buying it in the open market from another manufacturer, or ordering it from another manufacturer, when it is very clear from the text of the whole of the quotation from the learned judge's opinion that by procuring it to be done is meant procuring it to be done by the manufacturer's own servants or agents.

Upon the whole case, therefore, I am of the opinion that there was no implied warranty upon the part of the plaintiff against any secret defect in the spur wheels which broke and brought about the accident. For that reason, the defendant's claim upon its counterclaim should be dismissed, and the plaintiff should have judgment for the amount due upon its claim, with costs of the action.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Roberts, Becker, Messer & Groat, for appellant.
Lewis & Lewis, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of Charles J. Bissell, referee.

WILLIAMS, J., not voting.

---

### In re SCHROEDER.

(Supreme Court, Appellate Division, First Department. May 18, 1906.)

REFERENCE—REPORT—FINDINGS AND CONCLUSIONS.

On reference of the account of an administratrix for examination and objections, the referee's report stated that there were a certain number of objections to the account, and that he "disposed of the issues as follows." This was followed by numbered paragraphs, in each of which a specific objection was taken up, the facts in regard to it stated, and a conclusion reached. On exceptions to the report, it was modified and affirmed, and a decree entered from which an appeal was taken. Code Civ. Proc. §§ 1022 and 2546, require referees to make separately numbered findings of fact and conclusions of law to which exceptions may be filed. *Held*, that, while the referee's report did not strictly comply in form with the requirements of the statute, it should, after the appeal, and in view of the fact that no proposed findings were submitted and refused, be regarded as sufficient.

Appeal from Surrogate's Court.

Judicial settlement of the accounts of Lora C. Schroeder, as administratrix of Edwin A. Schroeder, deceased. From an order denying a motion to open an accounting decree for the purpose of having a referee make findings of fact and conclusions of law, Carrie S. Schroeder, as guardian, appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Charles M. Demond and Walter S. Logan (Russell G. Lucas, on the brief), for appellant.

Henry De Forest Baldwin and Lord, Day & Lord, for respondent.

CLARKE, J. The administratrix's account herein filed in the Surrogate's Court was referred to a referee "to inquire into the necessary jurisdictional facts, to examine said account and objections, to hear and determine all questions arising upon the settlement of said account, which the surrogate has power to determine, and to make report to the court," under section 2546 of the Code of Civil Procedure. By said section, the report is "subject, however, to confirmation or modification by the surrogate. Such a referee has the same power * * * as a referee appointed by the Supreme Court, for the trial of an issue of fact in an action; and the provisions of this act, applicable to a reference by the Supreme Court, apply to a reference, made as prescribed by this section, so far as they can be applied in substance without regard to the form of the proceeding." The reference proceeded, and the learned referee made his report in writing. In said report it was stated:

"The only objections to the account are 16 in number filed by Carrie S. Schroeder as general guardian of the infant Philis L. Schroeder. I dispose of the issues raised by the objections as follows."

Thereafter follow numbered paragraphs, in each one of which a specific objection is taken up, the facts in regard to it are stated, and a conclusion is reached. The report winds up with a summary statement of the account as found by the referee. To this report the contestant took detailed and specific exceptions in extenso, and the administratrix likewise took exception. The learned surrogate, upon these exceptions, reversed certain portions of the report, modified others, and, as modified, affirmed the same, and entered a decree thereon. From this decree the administratrix appealed. Subsequently the administratrix moved to vacate the decree and to send back the report to the referee in order that he, as such referee, might make, pursuant to sections 2546 and 1022 of the Code of Civil Procedure, findings of fact and conclusions of law separately numbered, in accordance with his report, and that the parties have a right to make and file exceptions to such findings and conclusions when made, and that said new findings and exceptions be filed nunc pro tunc as of the date of filing of the said report, and upon such filing that the decree be re-entered as the decision of the Surrogate's Court herein. The motion having been denied, the administratrix appeals.

It seems to me that the order appealed from should be affirmed. The purpose intended to be accomplished by the requirement of findings of

fact and conclusions of law separately stated was to clearly indicate to the court the basis of fact upon which the conclusion of law followed and required the decree or judgment to be rendered, and to permit the parties to take clear and definite exceptions for purposes of review. While not strictly complying in form, the report precisely states the facts and the rulings thereon in all matters at issue between the parties. Neither the parties nor the surrogate were left groping in the dark. The questions were sharply raised by the exceptions and squarely decided. Under those circumstances, it would seem to be an idle ceremony, after the decree, after appeal therefrom, and after the printing of a voluminous record, upon the eve of argument to send back a report to the referee to make clear what is not obscure, to permit exceptions to be taken which have already been taken, to raise questions which have already been decided. No proposed findings were submitted to the referee which he refused or failed to pass upon, and whatever rights the appellant may have had were waived by not objecting to the report in season, but in taking her exceptions thereto, arguing them before the surrogate, and appealing from his decree. We think that the practice requires referees in Surrogate's Courts to conform to the provision for separately stating and numbering findings of fact and conclusions of law; but, upon the record in the case at bar, the order should be affirmed, with $10 costs and disbursements to the respondent.

O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, and HOUGHTON, JJ., concur.